[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13827
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00898-MSS-GJK


RISSMAN, BARRETT, HURT, DONAHUE & MCCLAIN, P.A.,
DAVID A. POPPER,

                                        Plaintiffs - Appellants,

                    versus

WESTPORT INSURANCE CORPORATION,

                                        Defendant - Appellee,

KINGSLAND LAND HOLDINGS, LLC,
a Florida Limited Liability Corporation,

                                        Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 25, 2012)

Before BARKETT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiffs Rissman, Barrett, Hurt, Donahue & McLain, P.A. ("Rissman Firm") and David Popper appeal the district court's decision to grant summary judgment to defendant Westport Insurance Corp. ("Westport"). After careful review, we affirm.

## I.

The essential facts of this case are not in dispute. Popper is a an attorney licensed in Florida, and at all relevant times, he was employed by the Rissman Firm. The firm was the named insured of a lawyers professional liability insurance policy issued by Wesport. Insuring Agreement I.A. of the policy provides that Westport "shall pay on behalf of any INSURED all LOSS in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED . . . by reason of any WRONGFUL ACT . . . ."

The policy defines the term "WRONGFUL ACT" as "any act, error, omission, circumstance, PERSONAL INJURY or breach of duty in the rendition of PROFESSIONAL SERVICES for others." In turn, the policy defines the term "PROFESSIONAL SERVICES" as "services rendered to others in the

INSURED's capacity as a lawyer, and arising out of the conduct of the INSURED's profession as a lawyer . . . ." The policy provides that Wesport "shall have the right and duty to defend any CLAIM for LOSS against any INSURED covered by Insuring Agreement I.A., even if such claim is groundless, false or fraudulent . . . ."

In July 2009, Kingsland Land Holdings, LLC ("Kingsland") filed a civil complaint against Popper in Florida state court. The complaint addressed Popper's participation in the sale of a piece of real property to Kingsland. Specifically, in Count II of the complaint, Kingsland alleged that Popper "was acting as a real estate broker at a time when [he] was not licensed to so act" and that he "stated that there were no significant defects on the property and that entitlement to the property for residential purposes could easily be achieved." Kingsland alleged that Popper "knew or should have known that this statement was false." Kingsland sought damages for this alleged misrepresentation.

In August 2009, the Rissman Firm notified Westport of this lawsuit. In September 2009, Westport informed the Rissman Firm of its decision to decline coverage. In March 2010, the firm asked Westport to reconsider, but in May 2010, Westport refused to do so. In June 2010, the Rissman Firm and Popper (collectively "the insureds") filed this suit, seeking damages for breach of contract,

as well as declaratory relief. On the parties' cross-motions for summary judgment, the district court held that there was no coverage for the underlying lawsuit and no duty to defend. The district court therefore granted summary judgment to Westport.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1222–23 (11th Cir. 2004).

The insureds argue that summary judgment in favor of Westport was not proper "because the allegations of the underlying complaint . . . fall within the scope of coverage under the policy." As a result, according to the insureds, the complaint triggered Westport's duty to defend. This argument fails. "Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). Also, an insurer's "duty to defend depends solely on the facts and legal theories alleged in the pleadings and claims against the insured." James River Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1275 (11th Cir. 2008) (emphasis added) (quotation marks omitted).

As set out above, the policy here provides coverage for wrongs committed

"in the rendition of PROFESSIONAL SERVICES for others."  The policy

specifically defines the term "PROFESSIONAL SERVICES" as "services

rendered to others in the INSURED's capacity <u>as a lawyer</u>, and arising out of the

conduct of the INSURED's profession <u>as a lawyer</u> . . . ."  (Emphases added.)  We

agree with the district court that the allegations in the underlying complaint do not

"fairly and potentially bring the suit within [this] policy coverage."  <u>Lawyers Title</u>

<u>Ins. Corp. v. JDC (Am.) Corp.</u>, 52 F.3d 1575, 1580 (11th Cir. 1995).[1]

As the district court observed, Count II of the complaint repeatedly

identifies Popper as an unlicensed real estate broker.  Specifically, Count II states

that Popper

> was acting as a real estate broker at a time when [he] was not licensed
> to so act.  [He] stated that there were no significant defects on the
> property and that entitlement to the property for residential purposes
> could easily be achieved.  [He] knew or should have known that this
> statement was false.

Count II also alleges, by reference, that Popper received a commission for the sale

of the property and that at the time that he received the commission, he "was not

acting in his professional role as an attorney at law."  Count II does not otherwise

contain any allegation that Popper acted as an attorney.  Thus, the underlying

---

[1] In the district court and on appeal, the insureds have relied solely on the allegations in
Count II of the underlying complaint.

5

complaint is squarely focused on Popper's purported decision to act as an unlicensed real estate broker and the misrepresentations he made in the course of that conduct.

The insureds argue that the Third Circuit's decision in <u>Westport Insurance Corp. v. Bayer</u>, 284 F.3d 489 (3d Cir. 2002), supports their position. There, the Third Circuit construed a similar policy and found that there was coverage. <u>See</u> <u>id.</u> at 496–98. We find <u>Bayer</u> to be distinguishable, however. In the underlying lawsuit in that case, the court found that the insured was "holding himself out as an attorney" when he promoted a fraudulent investment scheme. <u>Id.</u> at 497. Here, the underlying complaint contains no such allegation. The insureds' reliance on <u>Bayer</u> is therefore misplaced.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**